## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____
:
EMILY BEHLING,                          :
                                        :
              Plaintiff,                :
                                        :
       v.                               :         Case No.
                                        :
NATIONAL BOARD OF                       :
MEDICAL EXAMINERS,                      :
                                        :
              Defendant.                :
_____ :

## COMPLAINT

Plaintiff Emily Behling (Ms. Behling), by and through her undersigned counsel,

commences this complaint against the National Board of Medical Examiners, for

violating federal non-discrimination statutes, namely the Americans with Disabilities Act

and Section 504 of the Rehabilitation Act of 1973 that requires qualified private entities

to offer examinations in a place and manner that is accessible to individuals with

disabilities and to best ensure that the examination accurately reflects, not the examinee's

disability, but rather his or her aptitude, achievement level, or whatever other factor the

examination purports to measure.

## INTRODUCTION

1.     This action challenges the discriminatory denial of appropriate testing

accommodations as requested by plaintiff, Ms. Behling, on the United States Medical

Licensing Examination Step 1 (USMLE Step 1) which is administered by Defendant. The

discrimination challenged herein has deprived plaintiff, Ms. Behling a person with

disabilities, from taking the USMLE Step 1 on a level playing field with her non-disabled

peers. These civil rights violations are ongoing and include discrimination and failure to

provide appropriate accommodations in violation of the Americans with Disabilities Act, 42 U.S.C. §12101, et. seq. as amended ("ADA"), and Section 504 of the Rehabilitation Act, 29 U.S.C. 794 (Section 504). Immediate and permanent injunctive relief is necessary to ensure that Plaintiff is no longer excluded from, deterred from or otherwise discriminated against in taking the USMLE Step 1.

2.      Defendant, NBME has failed to provide plaintiff, Ms. Behling appropriate testing accommodations, which includes 50% extended time and testing over two days. Ms. Behling submitted to the NBME extensive documentation of her disability and right to accommodations under the law and as required by Defendant's accommodation application policies.  NBME has refused to make the requested testing accommodations necessary to best ensure that the USMLE Step 1 reflects Ms. Behling's aptitude rather than her disability, despite her documented history of disabilities and her approval of comparable accommodations during her education and on multiple standardized examinations. Ms. Behling brings this action to enforce her statutory rights to appropriate accommodations and equal educational opportunities under the ADA and Section 504.

3.      Defendant administers the USMLE Step 1, which is a standardized examination and requirement for medical licensure. Most allopathic medical schools for graduation and residency eligibility in the United States require passing scores on the USMLE Step 1.  Defendant has the legal, educational and professional responsibility to offer appropriate testing accommodations to individuals with disabilities on the USMLE Step 1. Such accommodations, which are neither expensive nor difficult to provide, allow individuals with learning disabilities and other cognitive impairments, like Plaintiff, to demonstrate their aptitude and skill level.

2

## JURISDICTION AND VENUE

4.      This action arises under the laws of the United States, specifically the

ADA, 42 U.S.C. §12101 *et. seq.* and Section 504, 29 U.S.C. 794.  Therefore, this Court

has subject matter jurisdiction based on a federal question pursuant to 28 U.S.C. §1331

and 1343.

5.      This Court has jurisdiction to issue a Declaratory Judgment pursuant to 28

U.S.C. §2201(a) and further relief pursuant to 28 U.S.C. §2202.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391, as the

Defendant is doing business in this judicial district by virtue of administering the

USMLE Step 1 in this district and has sufficient contacts for personal jurisdiction.

Alternatively and cumulatively, venue is proper in this Court pursuant to 28 U.S.C.

§1391 in that acts of discrimination have taken place in this District and Ms. Behling

resides in this District.

## THE PARTIES

7.      Ms. Behling has completed her second year of medical school at the

University of Connecticut (UCONN) School of Medicine (SOM). She intends to take the

USMLE Step 1 in May 2020. Ms. Behling is a person with disabilities under the ADA

and Section 504.

8.      Plaintiff's impairments substantially limit her in the performance of

numerous major life activities of, *inter alia*, reading, writing, thinking, concentrating,

learning, organizing, cognitive processing, and taking standardized employment exams.

9.      The NBME is a District of Columbia not-for-profit organization

headquartered in Philadelphia, Pennsylvania.  NBME administers the USMLE, a three

step examination, the successful completion of which is required for medical licensure in

3

the United States. Defendant is a private entity that offers examinations related to applications and credentialing to postsecondary education, professional and trade purposes and as such is subject to the non–discrimination and appropriate accommodation requirements of the ADA. The NBME administers the USMLE throughout the country, including in Connecticut.

10.    NBME engages in business in Connecticut and this judicial district and this action arises from those business activities.

## FACTUAL ALLEGATIONS

11.    Ms. Behling is a medical student who has completed her second year of medical school. In order to obtain her medical license and graduate medical school, she is required to pass separate steps of the USMLE, commonly referred to as USMLE Step 1, USMLE Step 2 and USMLE Step 3. Ms. Behling is preparing to take the USMLE Step 1, which she intends to take in Connecticut.

12.    Ms. Behling is impaired by Attention Deficit Hyperactivity Disorder (ADHD) and a Neurodevelopmental Disorder. These conditions substantially limit the major life activities of reading, writing, thinking, concentrating, learning, organizing, cognitive processing, and taking standardized employment exams, which are activities necessary to take the USMLE under standard conditions. The Defendant has, contrary to the ADA and Section 504 refused and continues to refuse to provide appropriate accommodations for Ms. Behling's disabilities by refusing to provide her with additional time (50% or time and a half extended time) and testing over two day to take the USMLE Step 1.

**Ms. Behling's History of Disability and Impairment**

13.     Throughout Ms. Behling education, she has been impaired by a learning disability and ADHD and has a record of being approved for accommodations in school and standardized exams.

14.     During Ms. Behling elementary school years, she received specialized instruction and was pulled out of her regular class for reading instruction to address deficits in reading comprehension, word recognition, reading fluency and spelling.

15.     During her early elementary school years, she received additional individualized reading instruction at home from a certified special education teacher to address deficits in reading, decoding, reading comprehension and reading fluency.

16.     In middle school and high school, Ms. Behling continued to experience difficulty in school, particularly completing tests within the time they were administered during class.  Many teachers implemented informal accommodations and allowed Ms. Behling to complete unfinished tests after school.

17.     In the Summer 2011, prior to entering college, a licensed psychologist evaluated Ms. Behling and diagnosed her with ADHD.

18.     In the Fall 2011, Ms. Behling commence matriculating at UCONN. Upon enrollment, Ms. Behling was approved by the Center for Students with Disabilities for time and a half (50%) extended testing time in a low distraction environment and peer note taking based on her ADHD diagnosis.

19.     During Ms. Behling's freshman year (Spring 2012), she received a psychoeducational evaluation at UCONN's Psychological Services Clinic (Julie Fenster, Ph.D. supervising psychologist). The evaluation report stated that Ms. Behling's reading speed and reading fluency were impaired and that it took her an inordinate amount of

time to complete academic tasks. The evaluation report further stated that Ms. Behling showed significant difficulty on assessments that required focused attention and speed of processing. Her evaluators concluded that Ms. Behling has a Reading Disorder and ADHD.

20.     Her evaluators recommended that Ms. Behling should receive academic accommodations including double (100%) extended time for tests in a non-distracting, quiet environment due to her slow processing speed, inattention and poor fluency.

21.     UCONN's Psychological Services Clinic conducted a reevaluation in 2014 (Dr. Fenster) in order to update her cognitive profile. The results of assessments were consistent with her prior evaluation and continued to reflect deficits in processing speed, attention, reading fluency and academic fluency.

22.     Ms. Behling's 2014 evaluation, reconfirmed her reading impairment and ADHD diagnosis. Her evaluators continued to recommend 100% extended time for tests in a low distraction environment.

**Ms. Behling's History of Accommodations**

23.     During Ms. Behling's freshman year, she was approved by UCONN's Center for Students with Disabilities to receive 100% extended time on testing, reduced distraction space for testing, peer note taking or audio recording of classes.

24.     In August 2014, Ms. Behling applied to the Educational Testing Service (ETS) for accommodations on the Graduate Records Examination (GRE). ETS approved for Ms. Behling to receive accommodations, which included 100% extended time and extra break time.

25.     In April 2016, Ms. Behling applied for accommodations on the Medical College Admission Test (MCAT). The Association of American Medical Colleges

(AAMC), who administers the MCAT, implemented accommodations including time and a half (50%) extended testing time over two days and use of a non-programmable, four function calculator.

26. In July 2017, Ms. Behling commenced attending the UCONN SOM, where she was approved to receive accommodations including 50% extended time and distraction reduced testing.

### Ms. Behling's Current Evaluations

27. In 2018 UCONN's Psychological Services Clinic (Dr. Fenster) conducted its third evaluation of Ms. Behling. Dr. Fenster reported deficits on assessments of reading fluency, math fluency, writing fluency and processing speed. Furthermore, on assessments of attention and organization, Ms. Behling fell in the clinically significant range.

28. Dr. Fenster concluded that Ms. Behling is a person with disabilities and recommended accommodations included 50% extended time in testing in a distraction reduce environment.

29. Mark S. Greenberg, Ph.D. also evaluated Ms. Behling in 2019 in order to provide further clarification concerning the nature of her impairments and need for accommodations. Dr. Greenberg observed that Ms. Behling performed various tasks at a very slow pace. Based on the objective testing administered by Dr. Greenberg, he concluded that the overwhelming data confirms the presence of substantial limitations in major life activities of thinking, reading and concentrating.

30. Dr. Greenberg concluded that Ms. Behling's impairments in reading, thinking and concentrating are due to symptoms associated with ADHD and Unspecified

Neurodevelopmental Disorder. He further recommended testing accommodations, which included 50% extended time.

### The USMLE Step 1

31.     According to the NBME, the USMLE Step 1 examination "assesses the examinee's understanding of and ability to apply important concepts of the basic sciences to the practice of medicine, with special emphasis on principles and mechanisms underlying health, disease, and modes of therapy."[1]

32.     Under standard conditions, the Step 1 examination is a computer-based examination, which consists of questions presented in standard multiple choice formats. Step 1 has approximately 280 multiple choice test items, divided into seven 60-minute blocks, administered in one eight hour testing session.

33.     The NBME develops and administers the USMLE Step 1 at various Prometric test centers and on various dates throughout the United States. The results of each student's scores are reported to that student's medical school.

34.     Ms. Behling must pass the USMLE Step 1 in order to maintain her eligibility to remain in medical school.  Furthermore, passing the USMLE Step 1 is required to graduate medical school, to enter into a residency program, to be eligible to take the USMLE Step 2 and 3 examinations and to ultimately obtain medical licensure. Furthermore, a failed attempt or poor performance on the Step 1 can adversely impact her acceptance into a residency training program.

### NBME's Denials of Ms. Behling's Requests For Accommodations

---

[1]     http://www.usmle.org/pdfs/bulletin/2019bulletin.pdf (last visited October 8, 2019).

35.     On or about October 4, 2018, the NBME received Ms. Behling's application requesting accommodations on the USMLE Step 1. Ms. Behling's application included a request for 50% extended time over two days.

36.     Annexed to Ms. Behling's application for accommodations was documentation, which supported her request for extended time including her evaluation reports from highly qualified psychologists who individually assessed her, school records documenting her approval for extended time, records from the ETS and AAMC documenting their approval of Ms. Behling's extended time on standardized tests.

37.     The documentation provided to the NBME substantially complied with the documentation required by the NBME for requesting accommodations on the USMLE.

38.     This documentation demonstrated that Ms. Behling's evaluators recommended accommodations and that she was approved for formal accommodations including extended time on exams in college, medical school and on several standardized examinations.

39.     By letter December 19, 2018, Defendant NBME informed Ms. Behling that her request for accommodations for the USMLE Step 1 was denied and that no accommodations were approved.

40.     The reason for NBME's denial appears to be based solely on the outcome on selected tests and grades that Ms. Behling obtained in her primary and secondary education; rather the recommendations of her evaluators and history of receiving accommodations.

41.     Charles Weiner, Esquire, counsel for Ms. Behling, submitted a letter dated May 1, 2019.  Counsel's letter requested a review and reconsideration of NBME's decision.  Counsel's letter summarized Ms. Behling's history of prior evaluations and use

9

of accommodations; summarized the legal standards under the ADA; and requested that Defendant provide the accommodations recommended by Ms. Behling's evaluators and approved throughout college, medical school and on several standardized exams including the GRE and MCAT.

42.    Submitted with counsel's letter  of May 1, 2019 was further documentation supporting Ms. Behling's request for accommodations.  The documentation submitted included the following:

a.   Mark S. Greenberg, Ph.D. – Evaluation Report – April 5, 2019

b.   Mark S. Greenberg, Ph.D. – Neuropsychological Testing Summary Sheet.

c.   Lina Smith, Administrative Program Coordinator, Office of Assessment and Evaluation, UCONN SOM – E-mail table listing time utilized on medical school exams.

d.   USMLE – Request for Test Accommodations.

e.   Emily Behling – Personal Statement.

f.   Certificate of Prior Test Accommodations – David Henderson, MD, Associate Dean Medical Student Affairs, UCONN SOM – documenting approval of 50% extended time.

g.   Educational Testing Service (ETS) – August 16, 2014 letter – approving (double) extended time for the GRE.

h.   AAMC – May 3, 2016 letter – approving 50% extended time over two days for the MCAT.

i.   MCAT Score Report.

j.   Lorri Comeau, Disability Specialist, UCONN – April 5, 2016 letter re: approval of (double) extended time, reduced distraction space, peer note

taking or audio recording of class, use of computer to take notes at UCONN.

k.  College Board-SAT Score Report-May 1, 2010.

l.  College Board-SAT Score Report-October 9, 2010.

m.  Lois Wendus, Leaps in Learning –letter documenting tutoring services.

n.  Horace W. Porter School – Remedial Reading Program Assessment Report.

o.  UCONN Unofficial Undergraduate Transcript.

p.  UCONN – Midterm Grade Warning Report – October 2011.

q.  Deborah L. McGeehan, Ph.D. – Treatment Summary – August 15, 2011.

r.  Ronald Kelly, M.D. – Treatment Summary – April 14, 2016.

s.  Sandra Hughes, M.D. – Treatment Summary – September 11, 2018.

t.  Juliane Fenster, Ph.D., UCONN Psychological Assessment – June 2018.

u.  Juliane Fenster, Ph.D., UCONN Psychological Assessment – December 2014.

v.  Juliane Fenster, Ph.D., UCONN Psychological Assessment – April 2012.

w.  Juliane Fenster, Ph.D. – Curricula Vitae.

43.     The forgoing documentation provided current and historical evaluations, which established that Ms. Behling has a long and well documented history of substantial impairments that impact her reading, writing, thinking, concentrating, learning, organizing, and cognitive processing at the same rate, condition and manner as most people. Moreover, the foregoing documentation provided proof that Ms. Behling previously was approved for and currently receives extended time accommodations in school and on several standardized examinations.

44.     By letter dated July 12, 2019, the NBME rejected Ms. Behling's request for accommodations.

45.     In spite of never having met Ms. Behling, never having assessed her or never having evaluated her, NBME ignored highly qualified professionals who observed and evaluated Ms. Behling on several occasions over several years and her history of being approved for extended time in school and on other standardized examinations, in clear violation of 28 C.F.R. §36.

46.     The requested accommodations are necessary to appropriately accommodate the condition and manner of Ms. Behling's limitations. Without these accommodations Ms. Behling will be unable to demonstrate her actual knowledge, skills and abilities on the USMLE Step 1.

47.     Ms. Behling has an indisputable disability that substantially limits her major life activities of reading, writing, thinking, concentrating, learning, organizing, and cognitive processing and taking standardized examinations in the same condition and manner as most people. Under the ADA, Ms. Behling is entitled to the accommodations. The NBME's refusal to provide the requested appropriate accommodations is a violation of Ms. Behling's rights under the ADA and Section 504.

48.     As a direct and proximate result of NBME's violation of the ADA and Section 504, Ms. Behling will be unable to complete her medical school education in the same manner as her classmates if she does not successfully complete the USMLE Step 1. Moreover, she will be placed at a distinct disadvantage of competing for quality residency positions if she must take the examination without appropriate accommodations for her disability. She will be irreparably harmed because she will lose the extensive time she has invested in medical school and preparation for the

examination; and she will be prevented from competing on a level playing field with other students in medical school.  In the worst case scenario, Ms. Behling's medical career and dream could end if she is unable to pass the USMLE Step 1, because the NBME will not accommodate her disability as required by the ADA and Section 504.

49.     Ms. Behling requires the requested accommodations on the USMLE Step 1 examination not to gain an advantage, but to attempt to level the playing field because her functional limitations impact her ability to take this examination that non-disabled test takers do not experience.

50.     Ms. Behling through counsel has notified NBME of its violation of the ADA and requested that it remedy this matter by providing the requested. accommodations. NBME has refused to correct its violations and has failed to provide accommodations.

## COUNT I – VIOLATION OF THE ADA

51.     Plaintiff incorporates by reference the foregoing paragraphs as if set forth fully herein.

52.     Plaintiff is an individual with a disability within the meaning of the ADA, 42 U.S.C. §12101 et. seq. Accordingly, Plaintiff is a qualified individual within the meaning of the ADA in that she meets all the eligibility criteria for taking the USMLE Step 1.

53.     Plaintiff requires appropriate accommodations to participate in a fair, full, and equal basis on the USMLE Step 1. The modifications that Plaintiff needs, namely extended time, testing over two days, would not impose a fundamental alteration, but would attempt to level the field and allow her aptitude and abilities to be fairly and accurately measured.

13

54.     Defendant administers the USMLE examinations, which are examinations related to applications and credentialing for postsecondary education, professional, and trade purposes, within the meaning of the ADA, 42 U.S.C. § 12189.

55.     The ADA, 42 U.S.C. § 12189, requires Defendant to offer these examinations in a manner accessible to persons with disabilities.

56.     Title III of the ADA, which is enforced by the U.S. Department of Justice, states in pertinent part, "It is discriminatory to fail to make reasonable modifications to policies, practices, and procedures when necessary to provide goods and services to a person with a disability." 42 U.S.C. §12182(b)(2)(A)(ii).

57.     The Department of Justice regulations mandate that a private entity offering examinations modify its examinations as necessary to ensure full and equal access to persons with disabilities, including through the provision of extra time to permit completion.  28 C.F.R. §§ 36.309(b) & (c).

58.     The Department of Justice Regulations prohibit Defendant from administering the USMLE examinations without ensuring that the scores reported "accurately reflect the applicant's aptitude or achievement level or whatever other factor the test purports to measure, rather than reflecting the applicant's [disability]." 28 C.F.R. § 36.309(b)(1)(i).

59.     The Department of Justice (DOJ) Regulations require that when considering requests for modifications, accommodations, or auxiliary aids or services, the entity gives considerable weight to documentation of past modifications, accommodations, or auxiliary aids or services received in similar testing situations, as well as such modifications, accommodations, or related aids and services provided in response to a plan describing services. 28 C.F.R. §36.309(b)(1)(v).

14

60.    The DOJ's ADA Guidance further provides, "[r]eports from experts who have personal familiarity with the candidates should take precedence over those from, for example, reviewers for testing agencies, who have never personally met the candidate or conducted the requisite assessments for diagnosis and treatment." 28 C.F.R. pt. 36, app. A, at 796.

61.    The DOJ's regulations require: "any request for documentation …is reasonable and limited to the need for the modification, accommodations, or auxiliary aid or service requested."

62.    Defendant has discriminated, and continues to discriminate against Plaintiff on the basis of her disability by denying her an equal opportunity to demonstrate her aptitude and achievement level on the USMLE examinations in violation of the ADA, specifically 42 U.S.C. §12182, §12189 and 28 C.F.R. §36.309.

63.    Defendant's discriminatory policies and practices violate Plaintiff 's rights under the ADA and the regulations promulgated thereunder. Defendant's discriminatory policies and practices include but are not limited to:

a.    Failure to grant accommodations when Plaintiff submitted the requisite documentation and provided documentation of a history of comparable accommodations on standardized examinations and other academic examinations.

b.    Failure to give considerable weight to Plaintiff's evaluators.

c.    Failure to provide a clear explanation for denial.

d.    Failure to offer examination in a place and manner that is accessible to individuals with disabilities and best ensures that the examination accurately reflects Plaintiff's aptitude, achievement level, or whatever other factor the examination purports to measure.

e.     Failure to engage in good faith in the interactive process to consider and implement effective accommodations to Plaintiff's disability.

f.     Failure to give considerable weight to Plaintiff's prior approval and use of accommodations in school and on standardized examinations.

g.     Failure to consider Plaintiff's request for accommodations without regard to the ameliorative effects of mitigating measures.

h.     Failure to conduct a proper review and apply appropriate legal standards to Plaintiff's request for appropriate accommodations.

i.     Placing an extreme burden of proof, beyond what is required by the ADA, to establish Plaintiff's disability or need for accommodations.

j.     Failing to respond in a timely manner to Plaintiff's requests for testing accommodations.

64.     Plaintiff will be irreparably harmed if the NBME continues its unlawful refusal to provide her the appropriate test accommodations as requested and unless this Court grants injunctive relief prohibiting the continued violation of Plaintiff's ADA rights and compelling the NBME to provide the requested accommodation, in that:

a.     Plaintiff's medical school career will be placed on hold because a passing score on the USMLE is a prerequisite to continuing her medical school education.

b.     Given her history with prior examinations, Plaintiff is justifiably concerned that she may not pass the USMLE without the additional extra time accommodation to which she is entitled under the ADA.

c.     Plaintiff's opportunity to engage in her career of choice is effectively on hold until the NBME is compelled to comply with the ADA.

d.     Plaintiff will be unable to continue the same pace of her medical school career as her peers if she is unable to pass the USMLE Step 1 at this time;

e.   Requiring Plaintiff to take the USMLE Step 1 without the extended time accommodation puts her at a distinct disadvantage given her disability;

f.   Reduced performance on the USMLE Step 1 as a result of not receiving her requested accommodation significantly reduces Plaintiff's future residency and professional career options.

g.   Plaintiff may face future expulsion proceedings under her school's policy if she takes and fails to pass the USMLE Step 1 in a timely manner.

65.   NBME will not be harmed if the Court grants the requested injunctive relief. Thus, the balancing of harm favors granting the requested injunctive relief.

66.   The public interest will be served by granting the requested injunctive relief. The ADA was enacted as a matter of public policy to ensure that disabled persons are treated fairly and provided with opportunities equal to those persons in the community without disabilities. The public interest will not be served by allowing the NBME to continue its unlawful refusal to provide Plaintiff with the ADA accommodations to which she is justly entitled.

67.   As a result of the NBME's violation of the ADA, Plaintiff has suffered or will suffer great injury, including, but not limited to, lost employment opportunities, out-of-pocket pecuniary losses, and severe emotional distress and anguish.

68.   NBME's conduct constitutes an ongoing and continuous violation of the ADA.  Unless enjoined from doing so, Defendant will continue to violate said law.  Said conduct, unless enjoined, will continue to inflict injuries for which Plaintiff has no adequate remedy at law.  Consequently, Plaintiff is entitled to injunctive relief under the ADA, 42 U.S.C. § 12188.

## COUNT II – VIOLATION OF SECTION 504

69.     Plaintiff incorporates by reference the foregoing paragraphs as if set forth fully herein.

70.     Section 504 of the Rehabilitation Act mandates that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

71.     Section 504 defines "program or activity," in pertinent part, as "all of the operations of a department, agency, special purpose district, or other instrumentality of a State or of a local government; or the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government . . . ." 29 U.S.C. § 794(b)(1).

72.     Such federally funded programs and activities must provide aids and services that "afford handicapped persons equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement, in the most integrated setting appropriate to the person's needs." 45 C.F.R. § 84.4(b)(2).

73.     NBME receives federal grants, contracts, and other financial assistance, thereby subjecting itself to the requirements of Section 504.

74.     Plaintiff is a qualified individual with a disability under Section 504.

75.     NBME has, solely by reason of Plaintiff's disability, excluded Plaintiff from participation in, denied her the benefits of, and otherwise discriminated against her in its service, programs or activities.

76.     NBME's actions set forth more fully above and incorporated herein, constitute intentional discrimination on the basis of disability in violation of Section 504.

77.     The actions by NBME were done intentionally or with deliberate indifference to the protected rights of Plaintiff.

78.     As a proximate cause of NBME's discrimination, Ms. Behling suffers and continues to suffer harm including but not limited to actual monetary loss, future monetary losses, and other injuries such as embarrassment, frustration, emotional distress, humiliation and denial of equal treatment and access.

**COUNT III – DECLARATORY RELIEF**

79.     Plaintiff incorporates by reference the foregoing paragraphs as if set forth fully herein.

80.     A present and actual controversy exists between Plaintiff and Defendant concerning their rights and respective duties.  Plaintiff contends that Defendant violated and continues to violate her rights under the Americans with Disabilities Act as amended, 42 U.S.C. sections 12101, *et seq*.  Based upon information and belief, Defendant denies these allegations, thus declaratory relief is therefore necessary and appropriate.

81.     Plaintiff seeks a judicial declaration of the rights and duties of the respective parties accordingly relief is therefore necessary and appropriate.

**RELIEF REQUESTED**

1.     An order compelling the Defendant, or those acting as agents for or in concert with it, to immediately cease and desist from its refusal to accommodate Plaintiff's request for appropriate accommodations on the USMLE examinations and ordering that the Defendant immediately comply with the ADA and Section 504 by allowing Plaintiff the requested appropriate accommodation on the USMLE, which shall

include 50% extended time over two days and reporting the results of said examination. Said accommodation shall also be made applicable to all Steps of the USMLE examinations.

     2.    Make the above order permanent and that such order be made applicable to all future examinations administered by Defendant and taken by Plaintiff.

     3.    An order granting such other injunctive relief as may be appropriate.

     4.    An order granting declaratory relief.

     5.    An order awarding compensatory and punitive monetary damages.

     6.    An award for attorney fees, costs, and expenses of suit incurred herein.

     7.    Award for such other and further relief as the Court may deem just and proper.

Respectfully submitted

        /s/

Kevin M. O'Brien, Esquire
O'Brien Law
202 West Center Street
Manchester, CT 06040
Tel:  (860) 646-3500
Fax:  (860) 643-6292
kmobrien@obrienlawct.com

        /s/

(*Pro Hac Vice* Admission pending)    Charles Weiner, Esquire
LAW OFFICE OF CHARLES WEINER
Cambria Corporate Center
501 Cambria Avenue
Bensalem, PA 19020
Tel:  (267) 685-6311
Fax:  (215) 604-1507
charles@charlesweinerlaw.com